**Andorra Nurseries, Inc. v. Board of Supervisors of Whitemarsh Township and Whitemarsh Township**

*Edward J. Hughes* and *John G. Kaufman*, for Andorra Nurseries, Inc.

*Stuart N. Cohen*, for Board of Supervisors, Whitemarsh Township.

*Ross Weiss*, for Whitemarsh Township.

STANZIANI, *J.*, October 8, 1980—

## SUMMARY

On June 30, 1980, Andorra Nurseries, Inc., (hereinafter the landowner), filed a notice of appeal from the decision of the Board of Supervisors of Whitemarsh Township, (hereinafter the board), and Whitemarsh Township dated June 5, 1980, denying landowner's application for final subdivision approval with regard to Section 4(a) of landowner's 147 acre tract. Argument was heard before the Honorable Joseph H. Stanziani and the Honorable Horace A. Davenport on September 2, 1980. The matter is now before the court for consideration.

## ISSUE

Whether the board properly denied landowner's application for final subdivision approval?

## DISCUSSION

Initially, it must be noted that, in the instant case, the court took no additional evidence. There-

fore, our review shall be limited to a determination of whether the board abused its discretion or committed an error of law in denying the landowner's application.

In September 1978, the landowner's subdivision plan for the entire tract received the board's preliminary approval subject to certain conditions. In January, 1980, the landowner submitted a final plan for Section 4(a) of the tract for the board's approval. The plan was reviewed by the township engineer, zoning officer and planner. In a memorandum dated March 25, 1980, the township planner outlined the defects which were found to exist. Subsequently, in May, 1980, the landowner submitted a revised final plan. This plan was again reviewed by the township staff, and in a memorandum dated May 30, 1980, the defects found were again enumerated. On the basis of the findings of the township staff the board denied the landowner's application for final approval.[1]

Pursuant to the Municipalities Planning Code, when a preliminary application has been duly approved, the applicant shall be entitled to final plan approval in accordance with the terms of the approved preliminary application: Ridgeview Associates v. The Board of Supervisors of Lower Paxton Township and Pleasant Hills Country Club, 17 Pa. Commonwealth Ct. 459 (1975); 53 P.S. §10508(4). However, the facts in the instant case dictate a contrary result.

---

1. The findings of the township staff, submitted in memorandum form, were properly relied upon by the board and were properly incorporated into its decision. In accordance with §508(2) of the Municipalities Planning Code, 53 P.S. 10508(2), the memorandum set forth in detailed fashion the defects which existed and the statute, ordinance or regulation which was being violated as a result of each defect.

The landowner's approved preliminary plan for Section 4(a) contained only 23 lots. The final plan, however, contained 25 lots. One lot each was added to the Applewood Drive and Elder Lane cul-de-sacs. As a result of these additions, the cul-de-sacs have been substantially altered, creating odd-shaped lots, undesirable sanitary and storm water sewer alignment and one lot which is unbuildable due to its location in the flood plain conservation district. We find this lack of conformance with the preliminary plan to be sufficiently significant to justify the board's decision to deny the landowner's application.

In addition, the memorandum of the township staff set forth several other major defects, including the lack of a comprehensive storm water management plan. These defects were not present nor discoverable in the landowner's preliminary plan by virtue of the fact that greater detail is required for final plans.[2] Again the statute, ordinance or regulation[3] which was being violated in each instance was set forth with specificity by the township staff in its memorandum.

Consequently, the decision of the board to deny the landowner's application for final subdivision approval must be affirmed.

2. See Sections 620-625 (requirements for preliminary plans) and Sections 630-634 (requirements for improvement construction plans) of Article VI of the Whitemarsh Township Subdivision Regulations for comparison.

3. The regulations relied upon by the township staff and the board are valid. They were adopted in accordance with the township's subdivision ordinance and only the regulations have been amended by resolution; the ordinance has remained unchanged. Further the regulations in question were adopted prior to the effective date of the Municipalities Planning Code (January 1, 1969); therefore their validity is preserved by virtue of §103, 53 P.S. §10103.

## ORDER

And now, October 8, 1980, upon consideration of the briefs and arguments of counsel, the appeal of Andorra Nurseries, Inc. is dismissed and the decision of the Board of Supervisors of Whitemarsh Township is hereby affirmed.